WERTHEIM v. MAINTENANCE CO.

(Supreme Court, Appellate Division, Second Department.   December 10, 1909.)

1. CONTRACTS (§ 335*)—COMPLAINT—ALLEGATIONS AS TO PERFORMANCE—SUFFI-
     CIENCY—"PERFORMED."

     A count in a complaint, alleging that plaintiff duly discharged all his
     duties under a contract and has performed all the conditions of such
     agreement on his part to be performed, etc., is sufficient, and states a
     cause of action, as it alleges in effect that plaintiff "performed" all con-
     ditions that were to be performed—that is, fulfilled—by him, since one
     does not undertake to perform conditions.

     [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664–1676; Dec.
     Dig. § 335.*

     For other definitions, see Words and Phrases, vol. 6, pp. 5291–5294.]

2. CONTRACTS (§ 332*)—COMPLAINT—ALLEGATIONS—SUFFICIENCY.

     A count in a complaint, alleging that the defendant is indebted to plain-
     tiff for work which the plaintiff did for defendant in obtaining business
     pursuant to the contract, which is annexed to the complaint and made a
     part thereof, and that defendant refuses to pay him therefor, to his dam-
     age $15,000, is sufficient, and states a cause of action; it being as if the
     agreement had been set out in full in the complaint, a statement made of
     the work done thereunder, and that defendant was indebted therefor to
     the amount named.

     [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1615–1639; Dec.
     Dig. § 332.*]

3. PLEADING (§ 18*)—REPLY—CERTAINTY AND PARTICULARITY.

     Where the allegations in the answer required plaintiff to plead to a
     specified instrument, and the reply, after denying the specific instrument,
     in another paragraph alleged that, if any termination of "any" contract
     was made, it was through duress of plaintiff, the plea of duress was bad,
     since plaintiff was required to plead to a specified instrument, not to any
     instrument, and not to some possibly existing or nonexisting instrument.

     [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 39; Dec. Dig.
     § 18.*]

4. PLEADING (§ 38*) — ANSWER — REPLY — EFFECT OF BAD PLEA ON PREVIOUS
     GOOD PLEA.

     Where a reply, after pleading a good denial of an allegation in the an-
     swer, makes another plea to the same allegation which is bad, the bad
     plea does not subvert the previously good denial, since what is void could
     not make void that which is valid.

     [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 89, 90; Dec.
     Dig. § 38.*]

5. PLEADING (§ 176*)—STATEMENTS IN REPLY—EFFECT ON DENIAL IN REPLY.

     A statement in the reply that a sum of money, which the answer charged
     was received in discharge of plaintiff's claims, was received for another
     purpose, did not weaken the denial of the instrument acknowledging the
     receipt of the money.

     [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 343; Dec. Dig.
     § 176.*]

Appeal from Special Term, Kings County.

Action by Ike Wertheim against the Maintenance Company.  From
an order denying defendant judgment on the pleadings, it appeals.
Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
THOMAS, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wayland E. Benjamin, for appellant.
Edgar M. Doughty, for respondent.

THOMAS, J. The complaint purports to state two causes of action: (1) That defendant is indebted to the plaintiff on an account for services performed by plaintiff for the defendant between November 1, 1902, and January 25, 1908, in obtaining business pursuant to an agreement between the parties, which is annexed and made a part of the complaint; (2) that plaintiff entered upon his employment under such agreement so made, and "duly discharged all his duties thereunder, and has performed all the conditions of such agreement on his part to be performed, until January 25, 1908, and has ever since been, and still is, ready and willing to perform all the conditions of said contract on his part"; that the defendant then refused and refuses to allow plaintiff so to do, or to pay him therefor, to his damage $15,000.

The defendant charges that the complaint does not state a cause of action in the first count, because the defendant agreed to pay percentages on business plaintiff procured, and that the complaint should show that plaintiff "procured business of such an amount"; that plaintiff alleges an account, but does not allege services, nor annex an account, nor show that he got any business for defendant. The defendant contends that no cause of action is stated in the second count, as the agreement was "to remain in force so long as" plaintiff continued "to add at least $3,000 worth of new business per year," and that the complaint states no facts showing that the agreement was in force at the time of the alleged breach, as it does not appear that plaintiff added $3,000 worth of new business during the preceding year, and that this defect is not met by the statement that plaintiff discharged his duties under the contract and performed the conditions on his part to be performed, inasmuch as plaintiff did not undertake to add $3,000 worth of business per year, or to perform the condition to that effect.

I think that the pleading is sufficient. As to the second count, the condition was to be performed by plaintiff. One does not undertake to perform conditions; but the plaintiff was responsible for performance. If the condition was performed, he was the one to do it. So that the pleading in effect is that he performed all the conditions that were to be performed—that is, fulfilled—by him. The first count is also sufficient. The statement is that the defendant is indebted to plaintiff for work which the plaintiff did for defendant in obtaining business pursuant to the contract, which is annexed to the complaint and made part thereof. It is as if the agreement had been set out in extenso in the complaint, and statement made of work done thereunder, and that defendant was indebted therefor to the amount named. Certainly there is a statement of work done, and the aggregate compensation stated, and both are charged to be pursuant to the contract. The pleading is fully sustained by Moffet v. Sackett, 18 N. Y. 522, 525, and Farron v. Sherwood, 17 N. Y. 227.

But the defendant moves for judgment upon the answer and reply thereto. The answer pleads a written instrument, signed and delivered by plaintiff, acknowledging the receipt of a sum of money in full of all claims under the agreement and canceling the same. The plaintiff,

replying, denies that he signed and delivered the instrument, by denying the allegations in the first and separate defense. Then in a separate paragraph the plaintiff alleges that:

"The termination or cancellation of any contract or contracts between the plaintiff and the defendant was made (if any were made) by duress and threats on the part of one of the defendant's officers, in fear whereof and as a result whereof the defendant obtained it, if any."

Hence we have a denial of the specific agreement and a charge that, if any termination of any contract was made, it was through duress of plaintiff. The plea of duress is bad. The pleader was required to plead to a specified instrument, not to any instrument, nor to some possibly existing or possibly nonexisting instrument. But does a bad plea subvert a previously good denial? What is void could not make void what is valid. Finally, the plaintiff states that the $250, which the answer charges was received in discharge of claims, was received for another purpose. This does not weaken the denial of the instrument.

The order of the Special Term should be affirmed, with $10 costs and disbursements. All concur.